NATHAN KASPIN and BENNIE OFSEWITZ, Copartners Doing Business as ATLANTIC TINSMITH SUPPLY COMPANY, Respondents, v. EUGENE THAW and Others, Defendants, and AARON KAHAN, Appellant.— In a judgment creditors' action to set aside, as fraudulent, the conveyance by judgment debtors of all their property, order denying appellant's motion to dismiss the complaint as to him and for judgment on the pleadings, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

NOSTANE PRODUCTS CORPORATION, Appellant, v. CHAS. L. HUISKING & Co., INC.; Respondent.— In an action to recover damages for breach of contract wherein It is alleged that defendant failed to deliver fifty-four drums of cod liver oil in accordance with its contract, order denying plaintiff's motion for summary judgment reversed on the law, with ten dollars costs and disbursements, motion granted, without costs, and matter remitted to the Trial Term for assessment of damages in accordance with rule 113 of the Rules of Civil Practice. The monthly quota printed provision, upon which defendant relies, provides that it is applicable " unless otherwise specified." The typewritten provision with respect to delivery does otherwise specify. It provides that all 175 drums of oil are " To be taken by buyers as wanted " during the contract period " in minimum lots of 20 drums assorted." In the light of the phrase " as wanted," the provision excludes any construction other than that the purchaser was entitled to take all of the drums at any time during the contract period within his discretion, provided that each time he applied for delivery he took a minimum of twenty drums. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VITO FERRARA, Appellant.— Appeal from a judgment of the Court of Special Sessions of the City of New York, Borough of Queens [County of Queens], convicting appellant of a violation of section 435 of the Penal Law (false labels and misrepresentations in the sale of food products) and sentencing him to the workhouse for thirty days and " in addition " fining him $250 and, in default of payment, sixty days in the City Prison. Judgment modified on the law and the facts by reducing the sentence to the payment of the fine of $250 and in default of payment sixty days in the City Prison and to the time, if any, already served in jail by appellant. As so modified, the judgment is unanimously affirmed. Appellant is a first offender. The oil which was misrepresented as olive oil was edible. Under the circumstances a fine of $250 is ample punishment. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.